PER CURIAM.
Leonel Rodriguez appeals the summary denial of his motion for postconvietion relief in which he raised two issues. Only the argument that the sentence imposed for aggravated assault is illegal has merit. Rodriguez must be resentenced.
Rodriguez entered into a negotiated plea agreement to plead guilty to second-degree murder and aggravated assault with a firearm. He now complains that he was illegally sentenced to a term of fifteen years’ imprisonment for the third-degree felony of aggravated assault. In its order denying the motion, the trial court indicates that the sentence is legal because the third-degree felony was enhanced to a second-degree felony due to Rodriguez’s use of a firearm. This conclusion is erroneous.
Pursuant to section 784.021, Florida Statutes (1993), aggravated assault is a third-degree felony which specifically defines the crime as an assault “[w]ith a deadly weapon without intent to kill.” Therefore, a deadly weapon is an essential part of the crime. In order to impose a legal sentence, the trial court must resentence Rodriguez to a maximum sentence of five years’ imprisonment with a three-year minimum mandatory term.
Affirmed in part, reversed in part, and remanded for resentencing.
ALTENBERND, A.C.J., and BLUE and WHATLEY, JJ., concur.